## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN Re: | ) | |
| | ) | |
| **Glenn H. Romines, Jr.** | ) | |
| | ) | |
| Debtor. | ) | **Case No.  17-60236-abf7** |
| | ) | |
| _____ | ) | |
| | ) | |
| **Romines Motor Co., Inc.** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Adversary No.** |
| **vs.** | ) | |
| | ) | |
| **Glenn H. Romines, Jr.,** | ) | |
| **Defendant.** | ) | |

### COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF
### CERTAIN DEBTS PURSUANT TO 11 U.S.C. §523

COMES NOW, Romines Motor Co., Inc. (hereinafter "Romines" or "Plaintiff"), by and through its attorneys of record, and for its Complaint to Determine the Dischargeability of certain debts pursuant to 11 U.S.C. § 523 as to Glenn H. Romines, Jr. (hereinafter "GHR" or "Defendant") states to the Court as follows:

### GENERAL PROVISIONS

1.      Plaintiff is a creditor and party in interest in this matter with a principal place of business at 1100 S. Sam Houston Boulevard, Houston, Missouri 65483.

2.      Defendant, Glenn H. Romines, Jr. is the Debtor in this matter with an address as stated in his schedules of 515 South Nettleton Avenue, Springfield, Missouri 65810 and the Debtor may be served at this address pursuant to Bankruptcy Rule 7004 and local Rule 7004-1.

3.    This is a core proceeding to determine the dischargeability of debts owing to Plaintiff and for a determination of dischargeability of those debts pursuant to 28 U.S.C. §157(b)(2)(I) and 11 U.S.C. §523. This Court has jurisdiction over all parties and can enter final orders in this matter.

4.    Venue is proper in this matter pursuant to 28 U.S.C. §§1408 and 1409.

5.    Romines is the holder of two claims against GHR. Plaintiff has filed two proofs of unsecured claim in the Bankruptcy Proceeding relating to a money judgment and amounts due under a company credit card as claims #2 and #3.

6.    Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code on March 13, 2017. J. Kevin Checkett has been appointed as the Chapter 7 panel trustee.

7.    Defendant is a shareholder of Romines owning a one-third interest in the Company.

8.    Defendant is a former employee of Romines Motor Co., Inc.

9.    GHR's employment with Plaintiff was terminated on March 25, 2016.

10.    Between August 1, 2009 and March 25, 2016, Defendant had the authority to write checks on the Romines' corporate bank accounts.

11.    Between August 1, 2009 and March 25, 2016, Defendant withdrew company funds by either writing checks to himself or for his exclusive benefit in the total sum of One Hundred Seventy-Nine Thousand, Seven Hundred, Sixty-Nine and 08/100 Dollars ($179,769.08) and not for business purposes.

12.    Defendant's withdrawals from the corporate bank account were unknown to the other shareholders, directors, and officers of Romines Motor Co., Inc.

13.     Defendant has repaid the sum of Three Thousand Five Hundred Seventy-Six and 24/100 Dollars ($3,576.24) to Romines leaving a balance due of One Hundred Seventy-Six Thousand One Hundred Ninety-Two and 84/100 Dollars ($176,192.84).

14.     Romines commenced a suit in the Circuit Court of Texas County, Missouri styled *Romines Motor Company, Inc., plaintiff v. Glenn H. Romines, JR., defendant* case number 16TE-CC00182 and then an amended petition on July 19, 2016.  A copy of the Amended Petition is attached hereto as Exhibit "A" and made a part hereof by this reference.

15.     Defendant provided an answer to the Amended Petition on November 22, 2016. A copy of the Answer is attached hereto as Exhibit "B" and made a part hereof.

16.     Thereafter the Court entered a Consent Judgment on November 22, 2016 on behalf of Romines and against GHR in the amount of One Hundred Seventy-Six Thousand One Hundred Ninety-Two and 84/100 Dollars ($176,192.84) plus interest at 9% and court costs on Counts II and III for declaratory relief and money had and received.  A copy of the judgment is attached hereto as Exhibit "C" and made a part hereof by this reference.

17.     In addition, from March of 2012 until March of 2016 Defendant used a company credit card number ending 8580 and did use said card for unauthorized purchases in the amount of $18,480.50 for his personal benefit.

18.     Romines seeks a declaration from this Court that the money judgment from the state court proceeding and the use of the corporate credit card for personal use by Defendant are non-dischargeable amounts under the Bankruptcy Code.

## COUNT I NON-DISCHARGEABILITY 523(a)(2)(A).

COMES NOW, Romines and for its Count I for Non-dischargeability of certain debts of the Defendant pursuant to 11 U.S.C. § 523(a)(2)(A) states to the Court as follows:

19.     Romines restates and realleges each allegation in paragraphs 1 through 18 as if fully set forth here.

20.     Between August 1, 2009 and March 25, 2016 Defendant possessed the authority to write checks on the Romines' corporate bank account.

21.     Between August 1, 2009 and March 25, 2016 Defendant withdrew company funds either by writing checks to himself or for his exclusive benefit in the total sum of $179,769.08.

22.     Defendant was not entitled to use the funds for personal benefit and such actions were not authorized by Plaintiff.

23.     The other shareholders, directors and officers were unaware of the payments being made by the Defendant to the Defendant or on Defendant's behalf and for his personal benefit.

24.     Defendant has breached his duty of good faith owing to Romines as an employee, shareholder, officer and director in diverting the funds for his own use to the detriment of the Plaintiff.

25.     All of said funds were the property of Romines.

26.     Defendant represented to Romines that he would faithfully execute and utilize the checking account funds and use them only for corporate purposes.

27.     Defendant misrepresented that fact each time he withdrew monies for personal use and gain.

28.     Romines relied upon GHR to fulfill his obligation of an officer of the corporation and use the funds for company purposes.

29.     GHR wrote the checks knowing that the funds would be used for himself and his

personal needs and not for the corporation and in violation of his promise to Plaintiff.

30.     The representations that the funds were used for the corporation were false and it

was known to GHR because he took and used the funds for his own benefit and his actions show

he intended to deceive Plaintiff by withholding the true nature of the use of the funds from

Plaintiff.

31.     Romines justifiably relied upon these representations by allowing him to retain

his check writing authority.

32.     Romines has been damaged in the amount of $176,192.84.

33.     The damages are a direct and proximate result of the actions of the Defendant.

34.     A judgment as to Count II and Count III was entered in the state court action after

consent of Defendant.  More than thirty days has elapsed since the entry of the judgment in state

court so that it is final and nonappealable.

35.     The actions of Defendant are such that the debt is non-dischargeable pursuant to

the provisions of 11 U.S.C. § 523(a)(2)(A) because the sums due represent money and an

extension of credit obtained by false pretenses, a false representation and actual fraud.

36.     Romines is entitled to a reasonable attorney fee for collection of the sums due

under the state court judgment.

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the

amount of $176,192.84 is non-dischargeable pursuant to the provisions of 11 U.S.C.

§523(a)(2)(A) because the sums due represent money and an extension of credit by Romines to

GHR obtained by false pretenses, a false representation and actual fraud; that the Court grant to

Romines a money judgment as to the Defendant in that sum plus interest at the Missouri

judgment rate, reasonable attorney fees and for such other and further relief as the Court deems just in the premises.

## COUNT II-NON-DISCHARGEABILITY 523(a)(4)

COMES NOW, Romines, by and through its counsel and for Count II of its Complaint for the non-dischargeability of a certain debt based upon 11 U.S.C. §523(a)(4) states to the Court as follows:

37.    Romines restates and realleges each and every allegation of paragraphs 1 through 36 as if fully set forth here.

38.    Between August 1, 2009 and March 25, 2016 Defendant possessed the authority to write checks on the Romines' corporate bank account.

39.    Between August 1, 2009 and March 25, 2016 Defendant withdrew company funds either by writing checks to himself or for his exclusive benefit in the total sum of $179,769.08.

40.    Defendant was not entitled to use the funds for personal benefit and such actions were not authorized by the Plaintiff.

41.    The other shareholders, directors and officers were unaware of the payments being made by the Defendant to the Defendant or on Defendant's behalf.

42.    Defendant has breached his duty of good faith owing to Romines as an employee, shareholder, officer and director and diverted the funds for his own use to the detriment of the corporation.

43.    All of said funds were the property of Romines.  GHR, as an officer and director owed a fiduciary duty to Romines and held the funds in trust for the benefit of the Plaintiff.

44.     Romines relied upon GHR to fulfill his obligation as an officer of the corporation and use the funds for company purposes.  GHR has breached his fiduciary obligation to Romines by diverting funds to his personal benefit and use.

45.     GHR wrote the checks knowing that the funds would be used for himself and not for the corporation and intended to misrepresent the use by hiding the transfers.

46.     The representation that the funds were for the corporation was false and it was known to GHR because he took and used the funds for his own benefit and failed to properly report the expenses to Plaintiff.

47.     Romines has been damaged in the amount of $176,192.84.

48.     The damages are a direct and proximate result of the actions of the Defendant.

49.     A judgment as to Count II and Count III was entered in the state court action after consent of Defendant.  More than thirty days has elapsed since the entry of the judgment in state court so that it is final and nonappealable.

50.     The actions of Defendant are such that the debt is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(4) because the sums due represent money and an extension of credit obtained by larceny, fraud and the defalcation of the Defendant while acting in a fiduciary capacity.

51.     Romines is entitled to a reasonable attorney fee for collection of the sums due under the state court judgment.

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the amount of $176,192.84 is non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(4) because the sums due represent money and an extension of credit by Romines to GHR obtained by larceny, fraud and defalcation of Defendant while acting in a fiduciary capacity; that the

Court grant to Romines a money judgment in said amount as to the Defendant plus interest at the Missouri judgment rate, reasonable attorney fees and for such other and further relief as the Court deems just in the premises.

## COUNT III-NON-DISCHARGEABILITY 523(a)(6)

COMES NOW, Romines, by and through is counsel and for Count III of its Complaint for the non-dischargeability of a certain debt based upon 11 U.S.C. § 523(a)(6) states to the Court as follows:

52.    Romines restates and realleges each and every allegation of paragraphs 1 through 51 as if fully set forth here.

53.    Between August 1, 2009 and March 25, 2016 Defendant possessed the authority to write checks on the Romines' corporate bank account.

54.    Between August 1, 2009 and March 25, 2016 Defendant withdrew company funds either by writing checks to himself of or his exclusive benefit in the total sum of $179,769.08.

55.    Defendant was not entitled to use the funds for personal benefit and such actions were not authorized by the corporation.

56.    The other shareholders, directors and officers were unaware of the payments being made by the Defendant to the Defendant or on Defendant's behalf.

57.    Defendant has breached his duty of good faith owing to Romines as an employee, shareholder, officer and director and diverted the funds for his own use to the detriment of the corporation.

58.    All of said funds were the property of Romines.

59.     Defendant represented to Romines that he would faithfully execute and utilize the checking account funds and use them only for corporate purposes.

60.     Defendant misrepresented that fact each time he withdrew monies for personal use and gain.

61.     Romines relied upon GHR to fulfill his obligation as an officer of the corporation and use the funds for company purposes.

62.     GHR wrote the checks knowing that the funds would be used for himself and not for the corporation.  GHR converted the funds by using them personally and Plaintiff has a cause of action for monies had and received.

63.     The representation that the funds were for the corporation were false and it was known to GHR because he took and used the funds for his own benefit.  GHR knew his actions would harm Romines.

64.     Romines has been damaged in the amount of $176,192.84.

65.     The damages are a direct and proximate actions of the Defendant.

66.     A judgment as to Count II and Count III of the state court action was entered after consent of Defendant.  More than thirty days has elapsed since the entry of the judgment in state court so that it is final and nonappealable.

67.     The actions of GHR were done maliciously and intentionally and with an evil intent as shown by his failure to accurately disclose said uses all showing an intent to harm Plaintiff.

68.     The actions of Defendant are such that the debt is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6) because the sums due represent money and an extension of credit obtained by the willful and malicious intent of Defendant.

69.     Romines is entitled to a reasonable attorney fee for collection of the sums due under the state court judgment.

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the amount of $176,192.84 is non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(6) because the sums due represent money and an extension of credit by Romines to GHR obtained by the willful and malicious conduct of Defendant; that the Court grant to Romines a money judgment in said amount as to the Defendant plus interest at the Missouri judgment rate, reasonable attorney fees and for such other and further relief as the Court deems just in the premises.

## COUNT IV- NON-DISCHARGEABILITY OF CREDIT CARD 523(a)(2)(A)

COMES NOW, Romines and for Count IV of his Complaint to determine the non-dischargeability of a certain debt pursuant to § 523(a)(2)(A) states to the Court as follows:

70.     Romines restates and realleges paragraphs 1 through 69 as if fully set forth here.

71.     GHR had the use of a Romines Company credit card account number ending 8580 for business expenses.

72.     GHR represented to Romines that the card would be used for business purposes.

73.     GHR from January of 2013 until March of 2016 when he was terminated used the credit card for personal expenses and not for business expenses, including vacations, gambling expenses, dining out, and clothing.

74.     GHR knew the representations were false when made because he did not make the company aware of such usage and because he hid the invoices from the other shareholders.

75.     Romines was unaware of the personal use and relied upon GHR as an officer of the company when he represented that the credit card would be used for business purposes.

76.    Romines justifiably relied upon the representations of GHR in allowing him to continue to use and maintain the credit card.

77.    Romines has been damaged in the amount of $18,480.50 because of the personal use of the credit card.  A copy of the proof of claim field in this action is attached as Exhibit "D".

78.    The damages incurred by Romines were a direct and proximate result of the misrepresentation by GHR in the use of the credit card.

79.    The $18,480.50 in charges represents a debt incurred by GHR with respect to Romines which was caused by the false pretenses, false representation and actual fraud of GHR and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the amount of $18,480.50 is non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(2)(A) because the sums due represent money and an extension of credit by Romines to GHR obtained by false pretenses, a false representation and actual fraud; that the Court grant to Romines a money judgment as to the Defendant in said amount plus interest at the Missouri judgment rate, reasonable attorney fees and for such other and further relief as the Court deems just in the premises.

## COUNT V NON-DISCHARGEABILITY OF CREDIT CARD DEBT 523(a)(4)

COMES NOW, Romines, and for Count V of its Complaint to determine the non-dischargeability of a certain debt pursuant to 11 U.S.C. §523(a)(4) states to the Court as follows:

80.    Romines restates and realleges the allegations of paragraphs 69 through 79 as if fully set forth here.

81.    GHR had the use of a Romines Company credit card account number 5589 8710 0367 8580 for business expenses.

82.    GHR represented to Romines that the card would be used for business purposes.

83.    GHR from January of 2013 until March of 2016 when he was terminated used the credit card for personal expenses and not for business expenses, including vacations, gambling expenses, dining out, and clothing.

84.    GHR knew the representations were false because he did not make the company aware of such usage and because he hid the invoices from the other shareholders.

85.    Romines was unaware of the personal use and relied upon GHR as an officer of the company when he represented that the credit card would be used for business purposes.

86.    Romines justifiably relied upon the representations of GHR in allowing him to continue to use and maintain the credit card.

87.    GHR held a fiduciary relationship with the Company as its officer and director and breached that role by taking assets of the Company for his personal use and benefit without authority.

88.    Romines has been damaged in the amount of $18,480.50 because of the personal use of the credit card.

89.    The damages incurred by Romines were a direct and proximate result of the misrepresentation by GHR in the use of the credit card.

90.    The $18,480.50 in charges represents a debt incurred by GHR with respect to Romines which was caused by the fraud and defalcation of GHR while acting in a fiduciary capacity and based upon larceny and embezzlement and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the amount of $18,480.50 is non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(4)

because the sums due represent money and an extension of credit by Romines to GHR obtained by larceny, fraud and defalcation of Defendant while acting in a fiduciary capacity; that the Court grant to Romines a money judgment as to the Defendant in said amount plus interest at the Missouri judgment rate, reasonable attorney fees and for such other and further relief as the Court deems just in the premises.

## COUNT VI NON-DISCHARGEABILITY OF CREDIT CARD PURSUANT TO 523(a)(6)

COMES NOW, Romines, and for its Count VI of its Complaint to determine the non-dischargeability of a certain debt states to the Court as follows:

91.     Romines restates and realleges the allegations of paragraphs 1 through 90 as if fully set forth here.

92.     GHR had the use of a Romines Company credit card account number ending 8580 for business expenses.

93.     GHR represented to Romines that the card would be used for business purposes.

94.     GHR from January of 2013 until March of 2016 when he was terminated used the credit card for personal expenses and not for business expenses, including vacations, gambling expenses, dining out, and clothing.

95.     GHR did convert said company property by inappropriately using the Company credit card for his own personal use and benefit.

96.     GHR knew that when he used said card for personal items he did so to the detriment and damage of Romines.

97.     That the use of the credit card was for personal use and was done willfully and malicious with the intent to injure Romines.

98.     That Romines has been damages in the amount of $18,480.50.

WHEREFORE, Romines prays that the Court find that the debt of Defendant in the

amount of $18,480.50 is non-dischargeable pursuant to the provisions of 11 U.S.C. §523(a)(6)

because the sums due represent money and an extension of credit by Romines to GHR obtained

by the willful and malicious conduct of Defendant; that the Court grant to Romines a money

judgment as to the Defendant in said amount plus interest at the Missouri judgment rate,

reasonable attorney fees and for such other and further relief as the Court deems just in the

premises.

                                    LOWTHER JOHNSON, LLC

                                    By: /s/ Lee J. Viorel
                                    Lee J. Viorel, #36886
                                    901 St. Louis Street, 20th Floor
                                    Springfield, MO 65806
                                    Office: (417) 866-7777
                                    Fax No: (417) 866-1752
                                    lviorel@lowtherjohnson.com
                                    *Attorneys for Creditor,*
                                    *Romines Motor Co., Inc.*

STATE OF MISSOURI    )
                     ) ss.
COUNTY OF Texas      )

       On this 22nd day of June, 2017, before me personally appeared FRANKLIN D.
ROMINES, who stated that he is President, of Romines Motor Co., Inc., to me known to be the
person described in and who executed the foregoing instrument, and acknowledged that he
executed the same on behalf of the above corporation and acknowledged to me that he executed
it for the purposes therein stated

                                    Franklin D. Romines, President

Subscribed and sworn to before me this 22nd day of June, 2017.

                                    Linda D Holland, Notary Public

My Commission Expires:

LINDA D. HOLLAND
My Commission Expires
May 14, 2021
Texas County
Commission #13475990