**FILED**
NOV 22 2016
MARCI MOSLEY
Circuit Clerk
TEXAS COUNTY, MO

Electronically Filed - Texas - August 31, 2016 - 11:53 AM

### IN THE CIRCUIT COURT OF TEXAS COUNTY, MISSOURI

| | |
|---|---|
| ROMINES MOTOR COMPANY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                            ) | Case No. 16TE-CC00182 |
| ) | |
| GLENN H. ROMINES, JR.;                   ) | |
| ) | |
| Defendant.                                         ) | |

### ANSWER TO AMENDED PETITION

COMES NOW, Defendant Glenn H. Romines, Jr., by and through his undersigned attorneys, and states the following in response to the allegations contained Counts I, II, and III in the Amended Petition filed by Plaintiff:

#### Count I – Petition in Replevin

1. Defendant admits that Plaintiff is a Missouri corporation, but is without sufficient knowledge or information to admit or deny whether Plaintiff is in good standing and, therefore, denies the same.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant denies each and every allegation contained in paragraph 3.

4. Defendant admits that he retained possession of the vehicles referenced in paragraph 4; however, Defendant denies each and every other allegation contained therein.

5. Defendant denies each and every allegation contained in paragraph 5.

6. Defendant admits that he retained possession of the vehicles referenced in paragraph 4 for a period of time following May 2, 2016; however, Defendant denies each and every other allegation contained in paragraph 6 and specifically denies that he is presently in possession of the vehicles.



EXHIBIT "B"

EXHIBIT A

7. Defendant denies each and every allegation contained in paragraph 7.

8. Defendant denies each and every allegation contained in paragraph 8.

### Count II – Declaratory Action

1. Defendant incorporates by this reference each of the preceding paragraphs as though fully set forth herein.

2. Defendant admits that he previously possessed authority to write checks on Plaintiff's business checking account; however, Defendant denies each and every other allegation contained therein.

3. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 and, therefore, denies each and every allegation contained therein.

4. Defendant denies each and every allegation contained in paragraph 4.

5. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 and, therefore, denies each and every allegation contained therein.

6. Defendant denies each and every allegation contained in paragraph 6.

7. Defendant denies each and every allegation contained in paragraph 7.

### Count III – Petition for Money Had and Received

1. Defendant incorporates by this reference each of the preceding paragraphs as though fully set forth herein.

2. Defendant admits that he previously possessed authority to write checks on Plaintiff's business checking account; however, Defendant denies each and every other allegation contained therein.

3. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 and, therefore, denies each and every allegation contained therein.

Electronically Filed - Texas - August 31, 2016 - 11:53 AM

4. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 and, therefore, denies each and every allegation contained therein.

5. Defendant denies each and every allegation contained in paragraph 5.

6. Defendant denies each and every allegation contained in paragraph 6.

7. Defendant denies each and every allegation contained in paragraph 7.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant Glenn H. Romines, Jr., and for his affirmative defenses to Plaintiff's Amended Petition, states and informs the Court as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant, as a shareholder of Plaintiff, was entitled to possession of the two vehicles referenced in Plaintiff's Petition.

3. Plaintiff has failed to state the actual value of the subject property referenced in Plaintiff's Petition as required by Section 533.010, RSMo.

4. Plaintiff's claims are barred by the doctrine of unclean hands and/or estoppel in that Plaintiff's agents, employees, or representatives, at or around the time of the allegations stated in Plaintiff's Petition, published verbally and/or written slanderous statements about Defendant.

5. Plaintiff did not have proper corporate authority pursuant to the Bylaws of Plaintiff to file this action and is, therefore, without standing to continue to maintain the same.

6. Any funds drawn on Plaintiff's corporate bank account by Defendant were authorized by Plaintiff or its shareholders and, therefore, Plaintiff's claims alleged in Counts II and III are barred by the doctrine of waiver, satisfaction, and/or estoppel.

7. Defendant reserves the right to raise any additional affirmative defenses at a later

Electronically Filed - Texas - August 31, 2016 - 11:53 AM

Electronically Filed - Texas - August 31, 2016 - 11:53 AM

time.

WHEREFORE, based on the foregoing, and having fully answered and responded to the allegations set forth in Plaintiff's Amended Petition, Defendant prays for an Order of this Court dismissing Plaintiff's Amended Petition or, alternatively, entering judgment thereon against Plaintiff and in Defendant's favor; and for such other and further relief as the Court deems just and proper.

                        ROONEY, MCBRIDE & SMITH, LLC

                        By: /s/ BAM
                        Heather Rooney McBride, MBN 58832
                        Benjamin A. McBride, MBN 59399
                        4905 S. National Ave., Suite A100
                        Springfield, MO  65810
                        Phone: 417-708-9681
                        Fax: 417-708-9682
                        heather@rmsattorneys.com
                        benjamin@rmsattorneys.com
                        *Attorneys for Defendant*